IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3173-F

| | | |
|---|---|---|
| LAVERN RAY IRWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RICHARD O. BROADWELL, III, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the motion (D.E. # 22) of defendant Richard O. Broadwell, III, for an extension of time in which to file dispositive motions, plaintiff's motion for leave to conduct discovery (D.E. # 24), and plaintiff's motion to appoint counsel (D.E. # 25).

I. Motion for Extension of Time

Broadwell filed a motion to dismiss (D.E. # 13) plaintiff's claims against him pursuant to various provisions of Fed. R. Civ. P. 12(b) on April 18, 2012. Plaintiff replied on April 24, 2012, and the motion remains pending. Defendants Faye Daniels and Anthony Florence, through the North Carolina Attorney General, filed their answer to the complaint on April 19, 2012. Accordingly, on April 25, 2012, the court entered a scheduling order establishing a dispositive motions deadline of June 29, 2012. Broadwell now seeks an extension of this deadline, as applied to him, of sixty days beyond the date on which the court rules on his pending motion to dismiss, ostensibly to preserve his right to file additional dispositive motions in the event that the court does not dismiss all of

1

plaintiff's claims against him. Plaintiff has not opposed the motion.

Upon consideration of the motion, the court finds that the motion for extension of time (D.E. # 22) is well taken and is due to be granted. In the event that Broadwell's motion to dismiss is denied in whole or in part, Broadwell shall be afforded an additional sixty days in which to file a final dispositive motion.

II.     Plaintiff's Motions for Leave to Conduct Discovery and Appointment of Counsel

Plaintiff has also filed a motion for leave to engage in discovery (D.E. # 24) and a motion for appointment of counsel (D.E. # 25). As to the motion fore leave to conduct discovery, plaintiff asserts that "since confined pro se plaintiffs are exempted from initial disclosures [pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv)], plaintiff cannot engage in discovery without first obtaining permission of the court." Plaintiff cites to no legal authority for this conclusion, and none is apparent to the court. Nor does this reflect the general practice of this court. Instead, it appears plaintiff misinterprets Rule 26 or draws unwarranted conclusions therefrom. Plaintiff does not require leave of the court to commence discovery, as he is entitled to engage in discovery within the framework of the rules of civil procedure. Moreover, plaintiff does not assert that any attempt by him to conduct discovery has been thwarted by the court or defendants. To the extent plaintiff requires discovery in order to prepare some dispositive motion on his behalf, upon a showing of good cause he may move the court for an extension of the deadline for such motions if necessary. To the extent plaintiff may require discovery in order to answer the arguments in a putative motion for summary judgment, plaintiff may pursue such relief consistent with Fed. R. Civ. P. 56(d). Thus, plaintiff's motion for leave to engage in discovery is due to be denied at this time.

On a related note, defendant Broadwell opposes plaintiff's motion to the extent it would

require him to engage in discovery while his motion to dismiss remains pending. Because defendant Broadwell has filed a motion to dismiss predicated on a supposed lack of jurisdiction, he will not be required to participate in discovery with plaintiff unless and until his pending motion to dismiss is denied by order of the court.

As to plaintiff's motion to appoint counsel, the court notes that there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The court finds that there are no exceptional circumstances warranting the appointment of counsel at this time. The issue raised by plaintiff–the alleged deliberate indifference of defendants to his serious medical needs–is not unusually complex and plaintiff has demonstrated the ability to articulate the substance of his claims. Accordingly, the court finds that the motion for appointment of counsel is due to be denied.

III. Conclusion

For all of the foregoing reasons, the court ORDERS as follows:

a. defendant Broadwell's motion for extension of time in which to file dispositive motions (D.E. # 22) is GRANTED;

b. plaintiff's motion for leave to engage in discovery (D.E. # 24) is DENIED; and

c. plaintiff's motion to appoint counsel (D.E. # 25) is DENIED.

3

SO ORDERED. This the 25th day of May, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4