IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3173-F

| | | |
|---|---|---|
| LAVERN RAY IRWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RICHARD O. BROADWELL, III, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the motion to dismiss (D.E. # 13) of defendant Dr. Richard O. Broadwell, III, and the parties' various submissions concerning the motion. Dr. Broadwell seeks dismissal of the complaint against him on the following grounds:

> (1) insufficiency of service of process under Rule 12(b)(5) and Rule 4 of the Federal Rules of Civil Procedure and failure to comply with Rule 4 of the North Carolina Rules of Civil Procedure and lack of service to exercise personal jurisdiction pursuant to Rule 12(b)(2) over Defendant Broadwell; (2) subject to and without waiver of the motion to dismiss for insufficiency of service of process and lack of personal jurisdiction, failure to state a claim for deliberate indifference to a serious medical need pursuant to 42 U.S.C. § 1983 ("§ 1983") and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (3) subject to and without waiver of the motion to dismiss for insufficiency of service of process and lack of personal jurisdiction, failure to state a claim for punitive damages against Defendant Broadwell.

Def.'s Mot. To Dis. [D.E. # 13] 1. Broadwell also seeks a ruling that he is entitled to qualified immunity. Id. For the reasons that follow, the court will deny the motion to dismiss at this time.

1

I.  Service of Process and Personal Jurisdiction Issues

Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m). Rule 4(e)(1) permits a plaintiff to serve individual defendants "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1 A–1, Rule 4(j)(1)(c).

Dr. Broadwell contends that the complaint against him should be dismissed because he was not properly served with the complaint by plaintiff and, therefore, is not subject to the court's personal jurisdiction in this action. He concedes that a summons and complaint was issued by certified mail, return receipt requested, to him at the address of Pamlico Correctional Institution in February of 2012. Def.'s Supp. Mem. [D.E. # 14] 3. He observes that it "appears Superintendent [and co-defendant] Faye Daniels signed for acceptance of the Summons and Complaint on the section of the Process Receipt and Return labeled "'A. Signature', to be completed upon delivery." Id. However, he states, Supt. Daniels "was not Defendant Broadwell's authorized agent for service of process in North Carolina. Defendant Broadwell did not authorize, nor has he ever authorized, anyone at Pamlico by appointment, by law or by other means to be served or to accept service of

2

process on his behalf." Id. Dr. Broadwell has submitted affidavits executed by himself and Supt. Daniels which support his contentions. He maintains that, despite his having filed this motion to dismiss, as of April 13, 2012, he "has never been served with a copy of the Summons or Complaint in this matter." Id. at 4. Accordingly, he asserts as follows:

> Plaintiff failed to serve Defendant Broadwell with the Summons and Complaint in any of the methods permitted under Rule 4 of the Federal and North Carolina Rules of Civil Procedure, and therefore his Complaint should be dismissed for insufficient service of process. Defendant Broadwell was not personally served with the Summons and Complaint, nor was a copy of the Summons and Complaint delivered to his place of abode. Furthermore, a copy of the Summons and Complaint was not delivered to an agent authorized by appointment, by law or by other means to be served or accept service on Defendant Broadwell's behalf. Finally, a copy of the Summons and Complaint was not delivered to the addressee, Defendant Broadwell, by registered or certified mail, return receipt requested, or by signature confirmation. Accordingly, Plaintiff did not serve Defendant Broadwell with the Summons and Complaint as provided for in Rule 4(j) of both the Federal and North Carolina Rules of Civil Procedure.

Def.'s Supp. Mem. [D.E. # 14] 7. He further contends that, because plaintiff has failed to serve the summons and complaint upon him within 120 days of the date it was filed and has further "failed to show good cause for the untimely service of the Complaint, this Court should not extend the time for service and this suit should be dismissed without prejudice as to Defendant Broadwell." Id. at 8.[1] Finally, he argues that he has overcome any presumption of valid service by his submission of

---

[1] Broadwell presents some of this argument in his response to plaintiff's "Motion for Reissue of Summons" [D.E. # 20]. He argues as follows:

> The Summons for Defendant Broadwell was issued on January 23, 2012, 132 days after the filing of the Complaint in this matter and 12 days after the deadline for service of the Summons and Complaint had passed. At no time between September 13, 2011 and January 23, 2012, did Plaintiff request that Summons be issued for Defendant Broadwell nor did he inquire as to whether Summons had been issued by the Court or service effectuated on Defendant Broadwell. At no time has Plaintiff filed a motion for extension of time for effectuating service pursuant to Rule 6(b) of the Federal Rules of Civil Procedure or requested the same, much less put forth good

3

the two previously mentioned affidavits. Id.

Assuming that plaintiff has not yet achieved proper service of the complaint on Dr. Broadwell, the equitable result in this case is extending the time to achieve such service, not dismissal of the complaint. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." In this case, plaintiff has satisfied any required showing of "good cause" for any failure to timely serve Dr. Broadwell.

First, as a *pro se* inmate proceeding in this case under 28 U.S.C. § 1915, plaintiff can achieve service of process only after the court enters an order directing the United States Marshal to attempt service. Fed. R. Civ. P. 4(c)(3). As is this court's practice, the court did not issue such an order until after it had completed its frivolity review of plaintiff's complaint on December 19, 2011. Hence, a substantial portion of the delay which Dr. Broadwell seeks to attribute to plaintiff was, in fact, due to this court's delay in conducting its required frivolity review of the complaint. Second, it is not plaintiff's fault that defendant Daniels accepted service of the summons and complaint on Broadwell's behalf, apparently without his authorization to do so, once the Marshal's Service did attempt service of process. Superintendent Daniels' affidavit, as well as the process receipt and return submitted by the Marshal's Service (see D.E. # 11), makes clear that the summons was made out for service on Dr. Broadwell, but that Supt. Daniels nevertheless signed the receipt because she

---

cause for such a request.

Def.'s Resp. [D.E. # 26] 2-3 (footnotes omitted).

4

was unaware "that the envelope contained documents for Dr. Richard Broadwell." Affidavit of Faye Daniels at ¶ 5, ex. 2 to Def.'s Mot. To Dis. [D.E. # 13-2]. In sum, plaintiff clearly has shown "good cause" for any failure to serve Dr. Broadwell with the complaint within the time allotted by the Federal Rules. Thus, the court must "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In this instance, the court will afford an additional sixty days beyond the date of this order in which to effect service of process. Accordingly, Dr. Broadwell's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction will be denied at this time.

In order to facilitate proper service of the complaint on Dr. Broadwell, his counsel shall file with the court the mailing address at which service on Dr. Broadwell can be obtained. If the only address at which he can be served is a residence, counsel shall submit the residential address under seal, so that it will be accessible only to those employees of the court and/or Marshal's Service necessary to effect service of process. Counsel may also submit the name and address of any designated agent authorized to accept service of process on Dr. Broadwell.

II.     Sufficiency of Plaintiff's Factual Allegations.

Dr. Broadwell also argues that the complaint should be dismissed against him due to plaintiff's failure to state a claim upon which relief could be granted. Plaintiff alleges that Dr. Broadwell was deliberately indifferent to his serious medical needs concerning two separate injuries. He first claims that he suffered a "complete rupture of the long head of [his] right arm biceps tendon" while playing handball on February 19, 2010. Compl. [D.E. # 1] 3. He was not seen by Dr. Broadwell until March 4, 2010. He alleges that, despite the deformed appearance of his arm, Dr. Broadwell "misdiagnosed" his injury as a "'partial tear,'" that Dr. Broadwell refused to reconsider his diagnosis, and that Dr. Broadwell prescribed him pain medication and advised that the injury

5

would heal in six to eight weeks. Id. Plaintiff alleges that he put in several "sick call" requests over the following weeks, but was not seen by Dr. Broadwell again until April 15, 2010. He alleges that Dr. Broadwell continued to maintain that the injury was a "partial tear" and initially refused to refer plaintiff to a specialist. Finally, plaintiff alleges that he saw a specialist on May 14, 2010, who diagnosed a complete rupture of the tendon but concluded that he could do nothing to repair the injury because it had taken too long for plaintiff to see him. Plaintiff alleges that the specialist stated that "if he had seen me within 4 to 5 weeks, he could have easily reattached my biceps." Id. at 4.

Plaintiff also alleges that Dr. Broadwell was deliberately indifferent to another injury he suffered on February 9, 2011. He claims he "tore something in [his] left shoulder" and "went directly to medical and was given Ibuprofen." Id. He avers that "between Feb. 9, 2011 and April 27, 2011" he placed five "sick calls, wrote one Inmate Request for Information to Nurse Hull, and wrote letters" to defendants Daniels and Florence trying to get treatment for the injury. He claims he was not examined by Dr. Broadwell during that time despite his complaints of constant pain, nor was he given an x-ray or MRI. Id. Rather, he claims, he "was given Ibuprofen and told that [he] was getting old." Id.

> Dr. Broadwell contends that plaintiff's allegations
>
> demonstrate that Plaintiff was treated by Defendant Broadwell on each and every occasion that he was referred to Defendant Broadwell and any dispute over his treatment rises to nothing more than a disagreement between an inmate and a physician over the inmate's proper medical care, which does not state a § 1983 claim unless exceptional circumstances are alleged. Plaintiff has not alleged any exceptional circumstances or that Defendant Broadwell knew of a serious medical need and refused to treat such need. On their face, Plaintiff's allegations demonstrate that: 1) he was examined on at least two occasions by Defendant Broadwell when he was referred to Defendant Broadwell for treatment; 2) on each occasion his medical condition was diagnosed; 3) he was provided with medication on two occasions (pain medication and Ibuprofen) and was referred to an orthopaedic surgeon on another

6

occasion; and 4) at least one sick call appointment was performed by a nurse. These allegations, without more, cannot support a claim against Defendant Broadwell for a violation of Plaintiff's Eighth Amendment rights.

Def.'s Supp. Mem. [D.E. # 14] 13.

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 130 S.Ct. 1740 (2010). Accordingly, while a reviewing court must "accept as true all well-leaded allegations and view the complaint in the light most favorable to the plaintiff, Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009), the court still "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). In doing so, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

Plaintiff claims that Broadwell was deliberately indifferent to his serious medical needs. Such claims fall under the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff must plausibly allege a "deliberate indifference to [his] serious medical needs." Id. "[T]he need must be both apparent and serious, and the denial

7

of attention must be both deliberate and without legitimate penological objective. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). A "'serious . . . medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)). "Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." Grayson, 195 F.3d at 695. When the plaintiff complains that defendant physicians were deliberately indifferent despite rendering treatment, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Milteir v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). However, "mere delay or interference can be sufficient to constitute a violation of the Eighth Amendment." Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009).

Construing plaintiff's allegations liberally, as this court is required to do, the court cannot conclude at this time that plaintiff's allegations do not at least state claims which are plausible on the face of the complaint. While Dr. Broadwell asserts that plaintiff's claims amount to little more than disagreements over the treatment he received, it is evident from the complaint, as well as plaintiff's "Opposition" to the motion to dismiss, that plaintiff is complaining not just about the allegedly substandard treatment he received but also the "weeks long delays in treatment" he endured while complaining about various injuries. See Pl.'s Opp. [D.E. # 23] 16. Assuming that they are true, plaintiff's numerous contentions that Dr. Broadwell was at least implicitly aware of his complaints and his requests for treatment, yet delayed in providing any meaningful treatment suffice to at least state a claim for relief. Likewise, plaintiff's contention that Dr. Broadwell refused to refer him to see a specialist despite what plaintiff alleges was an objectively apparent complete rupture

8

of his biceps tendon, with the alleged delay eventually rendering him beyond effective treatment by the specialist, similarly suffices for purposes of merely stating a claim pursuant to Rule 8 of the Federal Rules of Civil Procedure. In short, the court finds that plaintiff has sufficiently alleged plausible claims of deliberate indifference against Dr. Broadwell for purposes of Rule 12(b)(6). As such, Dr. Broadwell's motion to dismiss the complaint for failure to state a claim upon which relief could be granted will be denied.

III. Punitive Damages

Dr. Broadwell also claims that the complaint does not support any claim for punitive damages. Punitive damages may be awarded in § 1983 actions in appropriate circumstances, where the punishable conduct involves "'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). "The callous indifference required for punitive damages is essentially the same as the deliberate indifference required for a finding of liability" on a § 1983 claim alleging deliberate indifference. Id. Because the court has determined that plaintiff has at least sufficiently alleged plausible claims for deliberate indifference as to Dr. Broadwell, he has also sufficiently alleged claims for punitive damages. Accordingly, Dr. Broadwell's motion to dismiss plaintiff's claims for punitive damages will be denied at this time.

IV. Qualified Immunity

Dr. Broadwell also contends that he is entitled to qualified immunity from plaintiff's suit. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting

9

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When a defendant asserts the affirmative defense of qualified immunity, the court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right[,]" and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Id. at 232 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). In it discretion, the court may address either prong first based upon the "circumstances in the particular case at hand." Id. at 236.

In this case, the court finds that the record is insufficient to conclude that Dr. Broadwell is entitled to qualified immunity. Plaintiff has adequately pled both a serious medical condition and a refusal to provide adequate treatment for that condition without undue delay. Thus, the court will deny Dr. Broadwell's motion to dismiss on qualified immunity grounds. If need be, the court will entertain a motion for summary judgment raising the defense on a more fully developed record.

V.  Conclusion

For all of the reasons given above, it is ORDERED as follows:

a. Defendant Dr. Broadwell's motion to dismiss [D.E. # 13] is DENIED;

b. counsel for Dr. Broadwell shall, consistent with the terms of this order, submit to the court, under seal if necessary, the mailing address of any location at which Dr. Broadwell or his authorized agent may be lawfully served with the summons and complaint in this case;

c. counsel shall submit the required information within ten days of the date of this order;

d. the Clerk of Court shall reissue the summons and complaint for service upon Dr. Broadwell by the United States Marshal Service upon receipt of the requested

10

information from counsel; and

e. upon consideration of plaintiff's "Motion to Dismiss Plaintiff's Motion for a Temporary Restraining Order and Injunction" [D.E. # 44], the motion is GRANTED and plaintiff's previously filed "Motion for a Temporary Restraining Order and an Injunction Rule 65 Fed. R. Civ. P." [D.E. # 40] is hereby DENIED as moot due to plaintiff's transfer from Pamlico Correctional Institution.

SO ORDERED. This the 14 day of January, 2013.

_____
JAMES C. FOX
Senior United States District Judge